UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOEL JEANNITE
     Plaintiff,

v.                                                                    CIVIL ACTION NO. 23-10317-MPK

BRIDGET DAVIDSON,
ADAM CEDERBAUM,
     Defendants.

ORDER TO REASSIGN TO A DISTRICT JUDGE AND
REPORT AND RECOMMENDATION OF DISMISSAL

KELLEY, U.S.M.J.

Pro se plaintiff Joel Jeannite previously sued, among others, Boston police officers and a towing company. *See Jeannite v. Wright, et al.*, Civil Action No. 22-11060-PBS ("*Wright*"). In this case, he sues two attorneys who represent two officers in that matter. This court previously determined, under 28 U.S.C. § 1915(e)(2)(B), that the complaint was subject to dismissal for failure to state a claim upon which relief can be granted. ECF No. 4 at 2-3. The court ordered Jeannite to file an amended complaint. *See id*. at 1.

Construing Jeannite's response as an amended complaint, *see* ECF No. 7, the court orders that that this action be REASSIGNED to a United States District Judge and recommends to the assigned District Judge that the action be DISMISSED.

I.    Order to Reassign to a District Judge.

This action was drawn to the undersigned United States Magistrate Judge. The parties have not indicated whether they consent or refuse to consent to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). This is to be expected where, as here, a summons does not issue pending a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

As set forth below, the court concludes that this action is subject to *sua sponte* dismissal. Because the parties have not consented to the jurisdiction of a Magistrate Judge, however, the court cannot dismiss the action. For that reason, the court orders that the Clerk of Court reassign the action to a District Judge.

II.   Report and Recommendation of Dismissal.

In the amended complaint, Jeannite does not allege diversity jurisdiction, *see* ECF No. 7 at 2, but relies exclusively on federal question jurisdiction. Jeannite fails to state a claim for relief under the various federal statutes and constitutional provisions cited in the amended complaint.

A. Standard of Review.

When reviewing the sufficiency of a complaint, the court accepts well-pleaded (i.e., "non-conclusory, non-speculative") facts as true and draws all reasonable inferences in the plaintiff's favor. *Schatz v. Repub. State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). The court disregards statements that "simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Id.*; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court determines whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court liberally construes pro se complaints; however, a pro se plaintiff must still comply with procedural and substantive law. *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

Typically, when reviewing the sufficiency of a complaint, the court only considers facts alleged in the complaint and attached exhibits. *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013); *see Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). Exceptions to this rule exist, however, including for facts subject to judicial notice under the Federal Rules of Evidence.[1] *Id*. at 36.

B. The Amended Complaint.

Defendants here – Bridget Davidson and Adam Cederbaum – are attorneys who represent the named Boston police officers who are among the defendants being sued by Jeannite in *Wright*.[2] Jeannite purports to sue the *Wright* City counsel in connection with an alleged "default judgment" in *Wright*. Jeannite states in the amended complaint: "WRIGHT and all defendants defaulted judgment on civil no. 22-11060-PBS." (ECF No. 7 at 3). Jeannite denies receiving "any motion granted to override" the default judgment, "if such illegal activities is possible." *Id.*

---

[1] *See* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute that is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned").

[2] *See* ECF No. 1 at 2; ECF No. 7 at 2; *see also* Civil Action No. 22-11060-PBS, ECF Nos. 1, 18, 23.

According to Jeannite, the *Wright* City counsel are "guilty" of conspiracy and obstruction under 18 U.S.C. § 1512(k) and (c)(2), in connection with an alleged "motion to unconstitutionally override" the alleged "default judgment" in *Wright*. (ECF No. 7 at 3.)

Also, according to Jeannite:

DWIGHT, LAYDEN, AND ALL PARTIES activated his sirens at petitioner conveyance to deny a right established and guaranteed in the 1st, 4th, 5th, 6th, 7th, 8th, 9th, and 10th Amendments, and in United States Supreme Court 'Stare Decisis' so noted above, where this court has no authority to adjudicate contrary.

(ECF No. 7 at 3).[3]

C. Discussion.

In the amended complaint, *see* ECF No. 7 at 1-3, 5, Jeannite invokes federal criminal statutes that do not apply here. None of the statutes cited -- 18 U.S.C. §§ 241-242; 18 U.S.C. §§ 1512(c)(2), (k); 18 U.S.C. § 1621; and 18 U.S.C. § 872 -- provide a basis for a private right of action. *See Manning v. Whole Foods Mkt. Group, Inc.*, No. 21-cv-10833-ADB, 2022 WL 194999, at *5 (D. Mass. Jan. 21, 2022) (§ 242) (citing, *inter alia*, *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983). . . . These statutes do not give rise to a civil action for damages") (internal citations omitted)); *Trivedi v. Gen. Electric Co.*, No. 19-cv-11862-PBS (MPK), 2020 WL 9744753, at *11 (D. Mass. Aug. 11, 2020) (§ 1512 does not create private right of action), report and recommendation adopted, 2021 WL 2229088 (D. Mass. May 27, 2021), *aff'd*, No. 21-1434, 2022 WL 1769136 (1st Cir. May 3, 2022); *DuBois v. Alves*, No. 22-

---

[3] In the amended complaint, Jeannite also repeats the allegations that the court found insufficient when it ordered him to file an amended complaint. *Compare* ECF No. 1 at 7 ("Tortious interference. . .") *with* ECF No. 7 at 5 ("Tortious interference. . ."). The court does not consider these allegations because they do not describe conduct by the *Wright* City counsel.

4

cv-11203-RGS, 2022 WL 4376041, at *3 (D. Mass. Aug. 22, 2022) (§ 1621 does not create private right of action); *Simmons v. Blumenfeld*, No. CV 14-4806-JFW (JEM), 2015 WL 13916664, at *19 (C.D. Cal. Feb. 27, 2015) (§ 872 does not create private right of action), report and recommendation adopted, 2015 WL 13916600 (C.D. Cal. April 16, 2015).

Jeannite's purported claim under 31 U.S.C. § 3709, *see* ECF No. 7 at 1, refers to a non-existent section of the False Claims Act.

In the amended complaint, *see* ECF No. 7 at 4-5, Jeannite invokes 42 U.S.C. §§ 1983, 1985, and 1986. However, Jeannite has not pleaded factual content that allows the court to draw the reasonable inference that the *Wright* City counsel deprived him of a federal constitutional or statutory right, as required to state a plausible claim under § 1983. *See Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (elements of § 1983 claim include deprivation of right and causal connection between state actor and deprivation).

Nor has Jeannite pleaded factual content that allows the court to draw the reasonable inference that the *Wright* City counsel entered into an agreement with the purpose of depriving him of equal protection, as required to state a plausible claim under § 1985(3). *See Seklecki v. Ctr. for Disease Control & Prevention*, No. 22-cv-10155-PBS, --- F. Supp. 3d ---, 2022 WL 6917049, at *2-3 (D. Mass. Oct. 12, 2022) (elements of § 1985(3) claim are: conspiracy; conspiratorial purpose to deprive person or class of persons, directly or indirectly, of equal protection of laws or equal privileges and immunities under laws; overt act; and either injury to person or property, or deprivation of constitutionally protected right or privilege).

For similar reasons, Jeannite has also failed to state a plausible claim under § 1986. *See Seklecki*, 2022 WL 6917049, at *3 ("A prerequisite for a claim under section 1986 is the existence of a conspiracy actionable under section 1985") (citation omitted).

The amended complaint is devoid of factual allegations regarding conduct by the *Wright* City counsel, with the exception of Jeannite's apparent claim that City counsel filed a "motion to unconstitutionally override" the alleged "default judgment" in *Wright*. An allegation that an attorney filed a motion on behalf of defendants in a civil action does not state a plausible claim that the attorney violated a plaintiff's federal constitutional or statutory rights or conspired to deprive him of equal protection.

Though irrelevant to the recommendation that this action be dismissed, the court notes, finally, that there was no "default judgment" in *Wright*.[4] In that action, District Judge Saris denied Jeannite's application for entry of default under Federal Rule of Civil Procedure 55(a) without prejudice to re-filing with proof of service, *see* Civil Action No. 22-11060-PBS, ECF Nos. 11, 15, and granted City counsel's motion to extend time to respond to the complaint, see id., ECF No. 20. City counsel's motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and (6), see id., ECF Nos. 26-27, is pending.

III.   Conclusion

For the reasons set forth above, the court orders this action be reassigned to a District Judge and recommends to the assigned District Judge that the action be dismissed.

---

[4] A court may take judicial notice of the existence of an order on its own docket, or another court's docket. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand"); *see also Barnstable Cty. v. 3M Co.*, No. 17-cv-40002-DJC, 2017 WL 6452245, at *4 (D. Mass. Dec. 18, 2017) ("Generally, court filings are recognized not for the truth of the matters asserted within them, but instead only to establish the fact that related litigation has been initiated or to establish that the fact that documents have been filed in that related case"); *see, e.g.*, *Draper v. Ferris*, No. CIV-16-1231-R, 2017 WL 5710465, at *3 n.8 (W.D. Okla. Oct. 30, 2017) (taking judicial notice of state court docket, including absence of specific order).

IV.      <u>Review by District Judge</u>

      The parties are advised that any party who objects to this recommendation must file a specific written objection with the Clerk of Court within fourteen days of service of the Report and Recommendation. The written objection must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweike*r, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


May 1, 2023
                      /s/M. Page Kelley
                      M. Page Kelley
                      United States Magistrate Judge